UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

John Doe,                                                             Case No. 1:09cv243

        Plaintiff,                                             Judge Michael R. Barrett

  v.

Mary Ronan, et al.,

        Defendants.

## ORDER

This matter is before this Court pursuant to the Motion for Temporary Restraining Order, Motion for Preliminary Injunction (Doc. 3) filed by Plaintiff. Defendants filed a response (Doc. 5). A hearing was held on the motion on April 9, 2009. The Court allowed post hearing briefs to be filed (Docs. 7, 8 and 9). Having considered Plaintiff's Verified Complaint, including the attached exhibits, Plaintiff's Motion, Defendants' response to that motion and the arguments of Counsel presented on the Record, Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 3) is hereby DENIED.

    1.    Background Information.

Doe[1] has been an employee of Cincinnati Public Schools ("CPS") for over eleven years (Doc. 2, ¶5). He was first employed as a "Safe & Drug Free School Specialist" in 1997 and then as a "Due Process Hearing Specialist" beginning in 2002 to the present (Id.). Plaintiff now works in an administrative capacity and does not have

---

[1] Plaintiff's motion to proceed pseudonym (Doc. 4) is not yet ripe. Until ruled upon, the Court and the parties will continue with the use of John Doe.

direct interaction with students except at administrative hearings where parents and/or guardians are present. (Id., at ¶7). On July 14, 2008, the parties entered into a contract whereby Plaintiff would continue to be employed as a hearing officer for the 2008-2009 school year (Id., at ¶9). On November 24, 2008, Defendants informed Plaintiff that he would be terminated after he had used all his sick leave (Id. at ¶10). CPS stated that his continued employment was barred due O.R.C. §3319.39, §3319.391 and H.B. 190 (Id., at ¶11). This new statute requires that any current employees who have a conviction for certain enumerated offenses must be released from employment (Id., at ¶12-15). See also O.A.C. 3301-20-01. Plaintiff was convicted of Unlawful Sale of Narcotic Drugs on November 11, 1976 (Doc. 2, ¶18). Plaintiff served over three years in a correctional facility where he became rehabilitated (Id., at ¶18). Plaintiff obtained his bachelor's degree in 1983 and has become a Licensed Social Worker and Certified Chemical Dependency Counselor (Id., at ¶¶20-21). This conviction has been expunged and he has been a model citizen since being released from jail (Id., at ¶ 23-24). Plaintiff argues that because of the arbitrary nature of O.A.C. 3301-20-01 CPS is not permitted to consider whether or not Plaintiff has been rehabilitated or the length of time that has passed since his conviction (Id., at ¶25). Plaintiff asserts that his constitutional rights are being violated by his termination and asks this court for a temporary restraining order and preliminary injunction as to his breach of contract claim.

    2.    <u>Legal Analysis.</u>

Under Federal Rule of Civil Procedure 65, injunctive relief is an extraordinary remedy whose purpose is to preserve the *status quo*. In when determining whether to

grant or deny a temporary restraining order or a preliminary injunction, this Court must consider four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *Chabad of S. Oh. & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427, 432 (6th Cir. 2004), *quoting Blue Cross & Blue Shield Mut. of Ohio v. Columbia/HCA Healthcare Corp.*, 110 F.3d 318, 322 (6th Cir. 1997); *Michigan State AFL-CIO v. Miller,* 103 F.3d 1240, 1249 (6th Cir. 1997). The foregoing factors are not prerequisites, but rather are factors which the Court should balance. *Chabad of S. Ohio & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427 (6th Cir. 2004). A plaintiff bears the heavy burden of demonstrating their entitlement to a preliminary injunction. *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002). Furthermore, a "plaintiff must always demonstrate some irreparable injury before a preliminary injunction may issue." *Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 104 (6th Cir. Mich. 1982) *citing Dataphase Systems, Inc. v. CL Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc); *Blackwelder Furniture Co. v. Seilig Mfg. Co.*, 550 F.2d 189, 195, 196 (4th Cir. 1977); *Triebwasser & Katz v. American Telephone & Telegraph Co.*, 535 F.2d 1356, 1359 (2d Cir. 1976).

      1.      Likelihood of Success on the Merits

Although Plaintiff argues as to the constitutionality of O.R.C. § 3319.39 and House Bill 190, his motion relates only to the breach of contract claim.[2] It is undisputed that Plaintiff's employment will be terminated prior to the expiration of the contract. However, there is a dispute as to whether this termination amounts to a breach. If CPS were to continue to employ Plaintiff it would be in violation of O.R.C. §3319.39 and §3319.391. Furthermore, the statute provides for conditional employment until the results of the background check are obtained. See O.R.C. §3319.39(B)(2). Here, the background check was done by the time required in the statute, September 5, 2008, and based upon the results of that background check, CPS is mandated by O.A.C. 3301-20-01 to terminate Plaintiff's employment. In addition, since all statutes are presumed constitutional, *see e.g. State v. Boczar*, 113 Ohio St. 3d 148, 150 (Ohio 2007)("[A]ll statutes are presumed constitutional, and the party challenging a statute bears the burden of proving otherwise. Further, a statute will not be invalidated unless the challenger establishes that it is unconstitutional beyond a reasonable doubt." (internal citation omitted)), the Court declines to enjoin CPS in a manner that would, in effect, be a directive to violate O.R.C. §3319.39 until the constitutionality of the statute is determined. Thus, Plaintiff has failed to show a likelihood of success on the merits.

---

[2] "Plaintiff John Doe ("Plaintiff") respectfully moves this Court for a temporary restraining order, and a preliminary injunction, restraining and enjoining Defendants Cincinnati Public Schools Board of Education ("CPS") and Interim Superintendent Mary Ronan (collectively "Defendants") from terminating Plaintiff's employment." Doc. 3, p1.

    2.    Irreparable harm

Even if Plaintiff could show a likelihood of success on the merits, he has failed to show irreparable harm. It is well-settled law that the loss of employment is not irreparable harm. *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 578-579 (6th Cir. 2002). "A plaintiff's harm from the denial of a preliminary injunction is irreparable if it is not fully compensable by monetary damages." *Id.* citing *Basicomputer Corp. v. Scott,* 973 F.2d 507, 511 (6th Cir. 1992). Loss of income, loss of insurance benefits and even the need to draw early from one's pension are damages that can be calculated and may be recovered by monetary damages. Plaintiff also argues that the loss of his career would be irreparable harm. However, even if the Court was to treat one's "career" separate and apart from one's "income," Plaintiff has not shown that he would not be able to continue his career in another educational setting. Plaintiff is not precluded from working for private schools or universities. In addition, Plaintiff could obtain employment in other social services agencies or private employment as he did prior to beginning work at CPS. Thus, Plaintiff has not shown irreparable harm.[3]

---

[3] Courts have also held that a plaintiff can demonstrate that a denial of an injunction will cause irreparable harm if the claim is based upon a violation of the plaintiff's constitutional rights. However, this is not applicable to the current motion pending before this Court since it only relates to the breach of contract claim. *See, e.g., Connection Distrib. Co. v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998) (recognizing that the loss of First Amendment rights, for even a minimal period of time, constitutes irreparable harm) (citations omitted); *Covino v. Patrissi*, 967 F.2d 73, 77 (2d Cir. 1992) (holding that plaintiffs may establish irreparable harm based on an alleged violation of their Fourth Amendment rights); *McDonell v. Hunter*, 746 F.2d 785, 787 (8th Cir. 1984) (finding that a violation of privacy constitutes an irreparable harm).

Because Plaintiff has failed to meet his burden as to the first two factors, the Court declines to address the last two factors.  Even if the issuance of the injunction would cause substantial harm to others and the public interest would be served by issuance of the injunction, an injunction cannot issue without more.  As such, Plaintiff's motion for temporary restraining order and motion for preliminary injunction (Doc. 3) is hereby DENIED.  This matter shall proceed in the normal course.

**IT IS SO ORDERED**.

        s/Michael R. Barrett
        Michael R. Barrett, Judge
        United States District Court